805 F.2d 1033
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Clay AMBROSE, Plaintiff-Appellant,
v.
Neil WELCH, et al., Defendants-Appellees.
 No. 86-5624.
 United States Court of Appeals, Sixth Circuit.
 Oct. 13, 1986.
 
 Before ENGEL, JONES and NELSON, Circuit Judges.
 
 ORDER
 
 1
 The plaintiff moves for counsel on appeal from the district court's order granting summary judgment to the defendants in this prisoner's civil rights case. This appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the record and the plaintiff's informal brief, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 The plaintiff is a prisoner in the Kentucky state prison system. The defendants are various officials of the Department of Corrections and the Kentucky State Penitentiary. The complaint alleges that the plaintiff was being transported from the Kentucky State Reformatory to the penitentiary when other inmates seized control of the bus in which they were traveling. During the escape attempt, the bus crashed and the plaintiff received injuries. The plaintiff also alleges that the doctor and the prison officials at the penitentiary refused to treat his broken rib. The plaintiff requested injunctive relief and $1,000,000 in damages.
 
 
 3
 After both parties filed motions for summary judgment, the district court filed a memorandum holding that the plaintiff's allegations of negligence failed to state a claim and that the prison officials were not deliberately indifferent to a serious medical need of the plaintiff. In Daniels v. Williams, --- U.S. ---, 106 S.Ct. 662, 665-66 (1986) and Davidson v. Cannon, --- U.S. ---, 106 S.Ct. 668, 670 (1986), the Supreme Court held that mere negligence by state officials does not state a fourteenth amendment due process violation. Therefore, the district court was correct to hold that any negligence by the prison officials during the escape attempt failed to state a claim.
 
 
 4
 Concerning the medical treatment received by the plaintiff, his deposition shows that an x-ray of his rib revealed no fracture. Moreover, during the numerous times the plaintiff was seen by the prison medical personnel, he received various medications and new glasses. So the district court was correct to hold that prison officials were not deliberately indifferent to a serious medical need of the plaintiff. Estelle v. Gamble, 429 U.S. 97, 105-06 (1976).
 
 
 5
 Because there was no genuine issue of material fact, Rule 56(c), Federal Rules of Civil Procedure, the district court was correct to grant summary judgment to the defendants. The motion for counsel is denied. The order of the district court is affirmed under Rule 9(d)(3), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.